

FILED & JUDGMENT ENTERED
David E. Weich

Nov 17 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>JAMES NILE WILSON, JR., )<br>SSN XXX-XX-5537, )<br>)<br>CYNTHIA IVESTER WILSON, )<br>SSN XXX-XX-9195, )<br>Debtors. ) | CONSENT<br>ORDER GRANTING CONDITIONAL<br>RELIEF FROM STAY<br>Case No. 08-40509<br>Chapter 11 |

This matter coming on for hearing on October 31, 2008, upon the motion for relief from automatic stay or adequate protection filed on August 22, 2008, by Ford Motor Credit Company (FMCC), secured creditor of James and Cynthia Wilson (Debtors), and with the consent of the parties, the Court finds as follows:

FINDINGS OF FACT:

1. FMCC holds a security interest in a 2007 Ford F350 vehicle, vehicle identification number 1FTWW31P47EB29975 (the vehicle), pursuant to a North Carolina Simple Interest Vehicle Retail Installment Contract dated December 22, 2006 (the contract).

2. FMCC's lien on the vehicle is noted on the North Carolina Certificate of Title for the vehicle.

3. Debtors filed this Chapter 11 proceeding on or about August 3, 2008; Debtors' Plan has not been confirmed yet.

4. Per the contract, Debtors are to make monthly payments to FMCC in the amount of $674.94, to be made the 5th of each month.

5. At the time the Motion was filed, the payoff owed on the account for the vehicle was $34,286.42.

6. At the time the Motion was filed, Debtors had last made a payment to FMCC on or about April 9, 2008 and Debtors were past due on the account for the vehicle for the months of July and August, 2008, including late charges of $6.00, in the total past due amount of $1,355.88.

7. According to the current edition of the *N.A.D.A. Official Used Car Guide* the fair market value of comparable vehicles is $27,425.00 wholesale and $31,175.00 retail and the vehicle is depreciating in value.

8. At the hearing Debtors had brought the account for the vehicle current and agreed to maintain regular monthly payments to FMCC for the vehicle as adequate protection.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that:

1. Because FMCC has not been receiving regular monthly payments and the vehicles' value continues to depreciate while Debtors continue to operate the vehicle, FMCC's interest in the vehicle is not adequately protected, entitling FMCC relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code. However, this order is suspended so long as Debtors continue to make complete payments in the amount of $674.94 directly to FMCC on or before the 5th of the month in which each payment is due, beginning in December, 2008. If Debtors fail to make a complete monthly payment directly to FMCC on or before the 5th day of

the calendar month in which each payment is due, FMCC shall send Debtors and Debtors' attorney a written notice of default and Debtors shall have thirty (30) days to cure the default. If the default is not cured within thirty (30) days FMCC shall have relief from stay.

2. In the event that the automatic stay is terminated as outlined in the preceding paragraph:

    a. Debtors, or anyone in possession, shall make the vehicle available to FMCC; and

    b. FMCC shall be allowed to repossess and sell the vehicle pursuant to the contract and the Uniform Commercial Code;

3. FMCC shall be allowed attorney's fees ($450.00) and costs ($150.00) of $600.00 to be added to the loan balance.

4. The provisions of Bankruptcy Rule 4001 (a)(3) are waived and the Order shall be in full force upon the signature of this Court.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court