**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**SHELBY DIVISION**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **NAME:** | **WILSON, JR., JAMES NILE** | **CHAPTER 11 NO. 08-40509** |
| | **WILSON, CYNTHIA IVESTER** | **OUR FILE NO.  12605-WG** |
| | | |
| **ADDRESS:** | **142 REEP RD.** | |
| | **KINGS MOUNTAIN, NC 28086** | |
| | | |
| **SSN:** | **--- -- 5537 & --- -- 9195** | |

**DEBTOR(S).**

---

**PLAN OF REORGANIZATION FOR**
**JAMES NILES WILSON, JR. AND CYNTHIA IVESTER WILSON**

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") is filed in accordance with Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") by James Niles Wilson, Jr. and Cynthia Ivester Wilson, the Joint Debtors and Joint Debtors-In-Possession (the "Debtors"), and proposes as follows:

This Plan provides for two (2) classes of priority claims; ten (10) classes of secured claims; and one (1) class of unsecured claims. Unsecured creditors shall receive a 10% dividend to be paid by semi annual payments. This Plan also provides for the payment of administrative and priority claims either upon the effective date of the Plan, as agreed or as allowed under the Code.  All creditors should refer to Articles II through X of this Plan for information regarding the precise treatment of their claim. The disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders is circulated with this Plan (the "Disclosure Statement"). **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).**

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTEREST**

2.01 **Class 1**. All allowed claims entitled to priority under Section 507 of the Bankruptcy Code (except administrative expense claims under Sections 507(a)(2), and priority tax claims under Section 508(a)(8)).

2.02 **Class 2.** Secured Claims of Entities Alleging Secured Interest in Property Valued and Surrendered Under this Plan

2.03 __Class 3__.        Secured Claim of Arnolds Jewelry

2.04 __Class 4.__        Secured Claim of BB&T

2.05 __Class 5.__        Secured Claim of Bunch Incorporated

2.06 __Class 6.__        Secured Claim of Ford Motor Credit

2.07 __Class 7.__        Secured Claim of Caterpillar Financial Services

2.08 __Class 8__.        Secured Claim of CitiMortgage

2.09 __Class 9__.        Secured Claims of First National Bank on residential real
                         property

2.10 __Class 10__.       Priority Claims of Cleveland County Tax Collector

2.11 __Class 11__.       Secured Claim of Sheffield Financial, LLC

2.12 __Class 12__.       All unsecured claims allowed under Section 502 of the
                         Bankruptcy Code including any potential deficiency claims that
                         may arise as a result of treatment of Class 2, 3, 4, 5, 6, 7, 8, 9
                         and 11 creditors

2.13 __Class 13__        Claim of First National Bank in the amount of $538,502.92

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS
## U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims</u>.    Under Section 1123(a)(1), administrative expense claims and priority tax claims are not considered as "class" under the Bankruptcy Code.

3.02 <u>Administrative Expense Claims</u>.    Each holder of an administrative expense claim allowed under Section 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03 <u>Priority Tax Claims</u>.    Each holder of a priority tax claim will be paid in regular monthly installments the total value of such claim as of the effective date of the Plan, equal to the allowed amount of such claim over a period ending five years from the effective date of the Plan.    The Plan designates as Class 12 claims a separate class consisting of all non-priority unsecured claims and does not treat one member holding a Class 12 claim more favorably than any other member holding a Class 12 claim.

3.04 <u>Bankruptcy Administrator Fees</u>.    All fees required to be paid by 28 U.S.C. § 1930(a)(6) (the "Bankruptcy Administrator Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another Chapter of the Code.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interest shall be treated as follows under this Plan:

| CLASS | IMPAIRMENT | TREATMENT |
|-------|------------|-----------|
| Class 1 – Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of  a Class 1 Priority Claim will be paid in full, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a non-final appeallable order. |
| Class 2 -Secured Claims of Entities Alleging Secured Interest in Property Valued and Surrendered Under this Plan | Impaired | The Plan provides that holders of Class 2 claims will receive in full satisfaction of their claims the property the holders of Class 2 claims allege to encumber.  To the extent any deficiency arises from treatment of Class 2 claims, any such deficiency will be treated as a Class 12 claim. |
| Class 3 – Secured Claim of Arnolds Jewelry | Impaired | Class 3 is impaired by this Plan. The holder of the Class 3 claim will receive from the debtor's income the value of its claim, re-amortized over 5 years from the effective date of this Plan at an 8% annual percentage rate payable in monthly installments for 60 months. Estimated payment of $197.37 a month starting in January of 2008. |
| Class 4 – Secured Claim of BB&T | Impaired | Class 4 is impaired by this Plan. The holder of the Class 4 claim will receive from the debtors' income the value of its claim, re-amortized over 5 years from the effective date of this Plan at a 6% annual percentage rate payable in monthly installments for 60 months. Estimated plan payment amount $251.46. |
| Class 5 – Secured Claim of Bunch Incorporated | Unimpaired | Class 5 is unimpaired by this Plan.  The holder of the Class 5 claim will receive payments from the future income of the Debtors in accordance with the note and mortgage giving rise to the claim of the Class 5 creditor.  Class 5 shall credit all payments made by the Debtors in accordance with the note and mortgage giving rise to Class 5 creditors' indebtedness.  The debtors also may sell the building and such proceeds will be applied to satisfy the mortgage |

| | | on the building. |
|---|---|---|
| Class 6 – Secured Claim of Ford Motor Credit | Unimpaired | Class 6 is unimpaired by the plan.  The holder of Class 6 will receive future payments from the future income of the debtors in accordance with the note that is secured by the Ford F-350. |
| Class 7– Secured Claim of Caterpillar Financial Services | Impaired | Class 7 is impaired by this plan. The holder of this Class 7 claim will be paid in monthly installments for both post and pre petition payments. The debtors will resume monthly direct payments of $1,407.66. The pre-petition arrearage will be cured over a five month period by monthly cure payments of $1,745.50 |
| Class 8 – Secured Claim of Citimortgage. | Unimpaired | Class 8 is unimpaired by this Plan.  The holder of the Class 8 claim will receive payments from the future income of the Debtors in accordance with the note and mortgage giving rise to the claim of the Class 8 creditor.  Class 8 shall credit all payments made by the Debtors in accordance with the note and mortgage giving rise to Class 8 creditors' indebtedness. |
| Class 9 – Secured Claims of First National Bank on Business property and residence. | Impaired | Class 9 is impaired by this Plan.  The holder of the Class 9 claim will receive payments from the future income of the Debtors in accordance with the note and mortgage giving rise to the claim of the Class 9 creditor.  Class 9 shall credit all payments made by the Debtors in accordance with the note and mortgage giving rise to Class 9 creditors' indebtedness.  The debtors also may sell the building and such proceeds will be applied to satisfy the mortgage on the building. |
| Class 10 – Cleveland County Tax Collector | Unimpaired | The claims of Class 10 will not be impaired by the plan and will be paid with direct payments or other such arrangements. |

| Class 11 – Sheffield Financial, LLC | Unimpaired | Class 11 is unimpaired by the plan.  The holder of Class 6 will receive future payments from the future income of the debtors in accordance with the notes that are secured by the two Bobcats. |
|---|---|---|
| Class 12 – General Unsecured Claims | Impaired | Class 11 is impaired by this Plan.  The holders of Class 12 claims will receive distributions under the Plan as determined by 11 U.S.C. §§ 1129(a)(15) and 1325(b)(2). The distribution amount is determined by Exhibit "A" to this plan and the amount shall be paid through monthly payments for a period of 60 months. The plan will pay a 10% dividend to all allowed unsecured creditors which is more than they would receive in a chapter 7 liquidation. Such payments will be made every 6 months to allowed filed and allowed claims.  The debtors plan to deposit monthly payments into the trust account of their attorney.  The attorney will make disbursements each 6 month period.  The 6 year period will be measured starting with January 2nd, 2009. |
| Class 13 – Second Claim of First National Bank | Impaired | The Claim of First National Bank in the amount of $538,502.92 will be bifurcated into an unsecured amount and a secured amount.  The Creditor has valued the collateral in the proof of claim at $150,000.00. The debtors will pay the value of the claim over a 30 years period at an interest rate of 5%.  This will result in a payment of around $899.00 a month.  The unsecured portion is to be treated as a class 11 creditor. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

    5.01   <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: i) a proof of claim has been filed or deemed filed, and the Debtors or another party has filed an objection; or ii) non proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent or unliquidated.

    5.02   <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03  <u>Settlement of Disputed Claims</u>.   The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   <u>Assumed Executory Contracts and Unexpired Leases.</u>

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

Lease agreement with Ricky Lee Fowler for rental home in Pineville, North Carolina for $875 per month with lease to terminate (subject to renewal) on April 1, 2009.

(b)   The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01 of this Plan or before the date of the order confirming this Plan.  **A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.**

## ARTICLE VII
## MEANS FOR IMPLEMENTAION OF THIS PLAN

7.01   <u>Funding of the Plan</u> -  The debtors will make monthly payments to the trust account of their attorney in order to fund the payments made to Class 12 claims.   The debtors will enter into separate promissory notes with each allowed creditor.  The debtors' attorney will make disbursements on each claim every 6 months.

7.02   <u>Property of the Estate; Release of Liens.</u>  The Debtors will retain all property of the estate, except that which will be surrendered and sold under Article VII of this Plan, and such property shall revest in the Debtors after the effective date.   Thereafter, the Debtors may use acquire and dispose of their property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Court.  As of the effective date of this Plan, all property retained by the Debtors and sold shall be free and clear of any and all liens and interests except as specifically provided in the Plan or the order confirming the Plan.

7.03   <u>Effectuating Documents; Further Transactions.</u>   The Debtors shall be authorized and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.  Where the plan calls for monthly payments to unsecured, the debtors will enter into promissory notes to that effect and will make those payments directly to the creditor when they are due.  Any payments required to be made to secured creditors, will be pursuant to the confirmed plan.

7.07   <u>Duty to Correctly Credit Payments/Debtors Payments Considered Made Under the Plan</u>.  Confirmation of this Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the debtors' business property or the homestead of the Debtors to do all the following:  (i) To apply the payments received on account of the Debtors on the pre-petition arrearage, if

any, only to such arrearage; (ii) to deem the pre-petition arrearage as contractually current upon the entry of the Discharge Order in this Case, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults; (iii) to apply the direct post-petition monthly mortgage payments paid on account of the Debtors or directly by the Debtors to the month in which each payment was designated under this Plan, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.  All payments made to any creditors on account of the Debtors' Homestead after confirmation of this Plan shall be considered made under this Plan regardless of whether the this Case is substantially consummated, a final decree is entered, and the bankruptcy case is closed.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   _Definitions and Rules of Construction_. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan and as are generally understood.

8.02   _Effective Date_.  The Debtors will continue to operate as debtor-in-possession during the period from the date the order confirming this Plan is entered (the "Confirmation Date") through and until the effective date, which will be eleven (11) days after the Confirmation Date (the "Effective Date").

8.03   _Severability_. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   _Binding Effect_. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   _Captions_. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   _Controlling Effect_. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of North Carolina govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01.   _Discharge_. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Bankruptcy Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.  But, the debtors may file a motion with the Court to close the case and for an order of substantial consummation after the plan is confirmed.

## ARTICLE X
## EVENT OF DEFAULT

10.01. <u>Event of Default for Class 3,4,5,6,7,8,9, 11 and 13 Claims</u> – Upon default, the creditor will be required to provide notice of default to the attorney for the debtors which will provide 15 days to cure the default. If the default is not cured within that 15 day period, such creditor will be free to pursue their non bankruptcy remedies.  If upon exercise of these remedies, a deficiency claim results, such claim will be treated as a class 12 claim if a proof of claim is filed within 120 days after the reasonable disposition of the collateral securing such claim.

10.02 <u>Event of Default for Class 12 Claims</u> – Upon default of the obligation to make payments to each class 12 claim, the creditor will be required to provide notice of default to the attorney for the debtors and be given a 45 day period to cure such default.  If such default is not cured within that time period, the individual creditor will be free to pursue their non bankruptcy remedy.

## ARTICLE XI
## OTHER PROVISIONS

10.01 <u>Payments</u>.  Payments to the various Classes under this Plan shall commence twenty (20) days after the date that the Plan becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

10.02 <u>Releases by Holders of Claims</u>.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of any claim that either affirmatively votes in favor of the Plan or otherwise is deemed to have accepted the Plan by applicable Bankruptcy law or by cram-down, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of the Debtor (collectively the "Releasees"), in connection with or related to the Debtor, the conduct of the Debtors' business, this Chapter 11 case, or the Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law or equity, or otherwise, that are based in whole or part any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, this Chapter 11 case, or the Plan.

10.03 <u>Release by the Debtors</u>.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and any person seeking to exercise the rights of the Debtors' estate, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtor, the conduct of the Debtor's business, this Chapter 11 case, or this Plan whether liquidated or unliquidated, fixed or contingent, matured or unmatured, know or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtor's business

affairs, this chapter 11 case, and that may be asserted against any of the present or former directors, officers, employees of the Debtors, Debtors' counsel and Debtors' counsel's Law Firm and any of its employees working in connection with this Chapter 11 case.

Respectfully Submitted this _____ day of December 2008.

James Niles Wilson, Jr. and Cynthia Ivester Wilson


By:    /s/ James Niles Wilson, Jr.
        James Niles Wilson, Jr.


By:    /s/ Cynthia Ivester Wilson
        Cynthia Ivester Wilson

GARDNER LAW OFFICES


By:    /s/ William S. Gardner
        William S. Gardner
        North Carolina Bar No. 32684
        P.O. Box 1000
        Shelby, NC 28151
        (704) 487-0616
        (888) 870-1644 facsimile
        bgardner@maxgardner.com


Attorneys for James Niles Wilson, Jr. and Cynthia Ivester Wilson, the Debtors and Debtors-In-Possession and Plan Proponent.

.

Liquidation Analysis

| Real Property: | | |
|---|---|---|
| | Total Value: | $336,915.00 |
| | Total Secured Claims: | $586,152.03 |
| | Total Exempt: | $36,235.40 |
| | Total No Exempt Equity: | $0.00 |

| Personal Property: | | |
|---|---|---|
| | Accounts/Cash | $1,838.00 (exempt) |
| | Household goods | $6,610.00 (exempt) |
| | Books/DVD | $1,000.00 (exempt) |
| | Clothing | $1,200.00 (exempt) |
| | Jewelry | $10,170.00 |
| | | $9,613.75 (lien) |
| | | $386.25(NON EXEMPT) |
| | | $170.00 (exempt) |
| | Guns/Equipment | $1,425.00 (NON EXEMPT) |
| | 8 Shares of Norfolk | $576.36 (NON EXEMPT) |
| | 1986 Trailer | $300.00 (NON EXEMPT) |
| | 1998 Hudson Trailer | $1,000.00 (NON EXEMPT) |
| | 1998 Land Rover | $5,000.00 |
| | | $4,264.60 (exempt) |
| | | $735.40 (NON EXEMPT) |
| | 1998 Toyota Tacoma | $5,375.00 (NON EXEMPT) |
| | 1999 Ford F250 | $6,750.00 |
| | | $3,500.00 (exempt) |
| | | $3,250.00 (NON EXEMPT) |
| | 2000 Ford E250 van | $5,450.00 (NON EXEMPT) |
| | 2000 Gato Trailer | $500.00 (NON EXEMPT) |
| | 2001 Honda ATV | $1,385.00 (NON EXEMPT) |
| | 2003 Box Truck | $20,520.00 (LIEN) |
| | 2004 Chevy Truck | $35,770.00 (LIEN) |
| | 2004 F-250 Truck | $12,925.00 (LIEN) |
| | 2004 F-250 Truck | $8,725.00 (LIEN) |
| | 2004 NECL Trailer | $500.00 (NON EXEMPT) |
| | 2004 Trailer | $500.00 (NON EXEMPT) |
| | 2005 Angle Trailer | $700.00 (NON EXEMPT) |
| | 2006 Ford F 150 | $8,600 (LIEN) |
| | 2006 Yukon | $31,330 (LIEN) |
| | 2006 Hudson trailer | $800.00 (NON EXEMPT) |
| | 2007 Chevy Silverado | $18,575.00 (LIEN) |
| | 2007 Ford F-150 | $13,825.00 (LIEN) |
| | 2007 Ford F-350 | $30,375.00 (LIEN) |
| | 2007 Homestead Trailer | $1,000.00 (NON EXEMPT) |
| | 2007 Hooper Trailer | $400.00 (NON EXEMPT) |
| | Office Equipment | $2,000.00 (LIEN) |
| | Office supplies | $200.00 (NON EXEMPT) |
| | Tools and Equipment | $7,200 (LIEN) |
| | Bobcats | $6,000 (LIEN) |
| | Caterpillar | $45,000.00(LIEN) |
| | Various Equipment | $10,000.00 (LIEN) |

| | |
|---|---|
| TOTAL NON EXEMPT EQUITY: | $24,483.01 |
| ESTIMATED COSTS AND COMMISION | $2,448.30 |
| | |
| TOTAL ESTIMATED NON-EXEMPT EQUITY AMOUNT: | $22,034.71 |

Page **10** of **10**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**SHELBY DIVISION**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **NAME:** | **WILSON, JR., JAMES NILE** | **CHAPTER 11 NO. 08-40509** |
| | **WILSON, CYNTHIA IVESTER** | **OUR FILE NO.  12605-WG** |

| | |
|---|---|
| **ADDRESS:** | **142 REEP RD.** |
| | **KINGS MOUNTAIN, NC 28086** |

**SSN:**     **--- -- 5537 & --- -- 9195**

**DEBTOR(S).**
_____

**DISCLOSURE STATEMENT**
**REGARDING PLAN OF REORGANIZATION FOR**
**JAMES NILES WILSON, JR. AND CYNTHIA IVESTER WILSON**
**AND NOTICE OF HEARING**

**I.    INTRODUCTION**

This is the disclosure statement (the "Disclosure Statement") in the chapter 11 case of James Nile Wilson, Jr. and Cynthia Ivester Wilson (the "Debtors").  This Disclosure Statement contains information about the Debtors and describes the Plan of Reorganization (the "Plan") filed by the Debtors.  A full copy of the Plan is attached to this Disclosure Statement as Exhibit A. ***Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.***

The proposed distributions under the Plan are discussed in this Disclosure Statement.

General unsecured creditors are classified in Class 12, and do receive a 10% distribution under the Plan.

**A.    Purpose of This Document**

This Disclosure Statement describes:

1.    The Debtors and significant events during the bankruptcy case;

2.    How the Plan proposes to treat claims or equity interests of the type you hold (*i.e.*, what you will receive on your claim or equity interest if the plan is confirmed);

3.    Who can vote on or object to the Plan;

4.    What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan;

5.       Why the Debtors believe the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation; and

6.       The effect of confirmation of the Plan.

***Be sure to read the Plan as well as the Disclosure Statement.  This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, that establish your rights.***

**B.       Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

*1.       Time and Place of the Hearing to Finally Approve This Disclosure Statement and Confirm the Plan*

The hearing at which the Court will determine whether to finally and/or conditionally approve this Disclosure Statement and confirm the Plan will take place before the Honorable George R. Hodges, United States Bankruptcy Judge, on **Friday, January 30, 2009, at 2:00 p.m. in Courtroom 5 at the Cleveland County Courthouse and Law Enforcement Center, 100 Justice Place, Shelby, North Carolina**.  Once a time and date for the hearing to finally approve and confirm the Plan and Disclosure Statement has been set by the Court, you will receive notice through an ordered issued by the Bankruptcy Court which may be captioned: Order Conditionally Approving Disclosure Statement, Scheduling Confirmation Hearing and Fixing Deadlines ("Approval Order").

*2.       Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the Plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to:

> United States Bankruptcy Court
> Western District of North Carolina
> P.O. Box 34189
> Charlotte, NC 28234-4189

A discussion of voting eligibility requirements are discussed in this Disclosure Statement.

*3.       Deadline for Objecting to the Adequacy of Disclosure and Confirmation of the Plan*

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court and served upon all interested parties prior the Deadline to File Objections to the Disclosure Statement and Plan ("Objection Deadline").  You will receive notice of the Objection Deadline in the Approval Order.

Page **2** of **9**

4.    *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact William S. Gardner, Attorney for Debtors, at P.O. Box 1000, Shelby, NC 28151. The phone number of the attorney for the debtors is 704-487-0616.

## II.    BACKGROUND

### A.    Description and History of the Debtors' Business

The Chapter 11 case has been filed to deal with personal obligations from the debtors' operation of Performance Lawn & Irrigation, Inc.  The debtors' business operated successfully for several years.  The success caused the debtors to expand the business including hiring more employees and taking on larger accounts. These accounts included doing the landscaping services for both commercial and apartment buildings.

In the summer of 2007, North Carolina suffered a brutal drought from which it still has not recovered. This had a great effect on the debtors' business, and the conditions caused many customers to cancel projects or to scale back on larger plans for landscaping. It simply did not make sense for these customers to continue projects that called for the placement of plants and trees that would die because of the drought.  As a result of this drought, the debtors were not able to meet all of their obligations and continue to operate at the pre drought level.  The debtors began a slow downsizing of their business operations by taking less accounts and having less employees.

### B.    Insiders of the Debtor

N/A

### C.    Management of the Debtor Before and During the Bankruptcy

The Debtors' business affairs and business were managed by the Debtors.

### D.    Events Leading to Chapter 11 Filing

See section "A".

### E.    Significant Events During the Bankruptcy Case

The debtors have been negotiating consent orders with their secured creditors and have surrendered a lot of collateral that secures various obligations.   The debtors have also been filing monthly status reports with the Court and the 341 meeting of creditors has taken place.  The debtors have seen an increase in business since filing and have been able to operate under their current business model.   The current economic crisis has made it more difficult to get timely payments on accounts.

### F.    Projected Recovery of Avoidable Transfers

The Debtors do not intend to pursue preference, fraudulent conveyance, avoidable insufficiency or other avoidance actions at this time, however, reserve their right to do so.

**G.**     **Claims Objections**

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtors reserve the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld.

**H.**     **Current and Historical Financial Conditions**

Please refer to the filed schedules and filed operating reports for this information.

**III.     SUMMARY OF THE PLAN OF REORGANIZATION AND
TREATMENT OF CLAIMS AND EQUITY INTERESTS**

**A.**     **What is the Purpose of the Plan of Reorganization?**

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

**B.**     **Unclassified Claims**

Certain types of claims are automatically entitled to specific treatment under the Bankruptcy Code.  They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

*1.      Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtors chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition.  The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. The following chart lists the Debtors' estimated administrative expenses and their proposed treatment under the Plan:

| ADMINISTRATIVE OBLIGATION | AMOUNTS PAID/ ESTIMATED TOTAL | PROPOSED TREATMENT |
|---|---|---|
| Debtors' Attorneys Fees and Costs | $3,109.00/$10,000.00- $15,000.00 | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court. All such fees are |

| | | |
|---|---|---|
| | | subject to Court approval after hearing and notice. The attorney for the debtor has received $3,109.00 of the $7,500.00 that is being held in the trust fund.  The debtors have agreed to pay the sum of $1000.00 into the trust account each month in order to pay post petition fees that accrue above and beyond the amount in the trust account.  This will end once the plan is confirmed. |
| Office of the U.S. Trustee | Filing Fee and Quarterly Fees | Filing fee paid in full on date of the petition and quarterly fees to be paid as required. |

TOTAL ADMINISTRATIVE EXPENSES: $10,500.00 - $17,500.00.

     2.    *Priority Tax Claims*

Priority tax claims are unsecured income, employment, and other taxes described by §507(a)(8) of the Bankruptcy Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.  NONE TO BE PAID.

**C.    Classes of Claims and Equity Interests**

PLEASE REFER TO ARTICLE II OF THE ATTACHED PLAN.

**D.    Means of Implementing the Plan**

    *Source of Payments and distribution*

The debtors will fund the payments under the plan from their future income and could fund the plan from the sale of real estate (if needed).  The unsecured creditors will receive a 10% distribution over a 5 year payment period.  Such payments to the unsecured will be made every 6 months, such period to start on January 2nd, 2009. The debtors will make monthly payments to their attorneys trust account and the attorney will forward these payments to the unsecured creditors.  Should anything happen to the attorney for the debtor, the debtors will make such disbursements.

**E.    Executory Contracts and Unexpired Leases**

The debtors do not have any Executory Contracts or Unexpired Leases

**G.      Tax Consequences of Plan**

*Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.*

The Debtors do not anticipate any tax consequences from the Plan due to the filing under Title 11 of the Code.  To the extent that any debt is alleged to have been forgiven by a creditor, the Debtor shall file a Form 982 with IRS to extinguish such taxable income.

## IV.   CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in 11 U.S.C. §§ 1129(a) or (b) of the Code. These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a Chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in 11 U.S.C. § 1129, and they are not the only requirements for confirmation.

**A.      Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that certain classes are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan.

*1.      What Is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtors' schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.

When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

*2.      What Is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class. THE PLAN HAS CLASSIFIED SUCH CLAIMS.

3.    Who is **Not** Entitled to Vote

The holders of the following five types of claims and equity interests are *not* entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;

- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes;

- holders of claims or equity interests in unimpaired classes;

- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;

- administrative expenses.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan and to the Adequacy of the Disclosure Statement.***

4.    Who Can Vote in More Than One Class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

**B.    Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by cram down on non-accepting classes.

1.    Votes Necessary for a Class to Accept the Plan

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

2.    *Treatment of Non-accepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in the manner prescribed by 11 U.S.C. § 1129(b) of the Code. A plan that binds non-accepting classes is commonly referred to as a cram down plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not discriminate unfairly, and is fair and equitable toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a cramdown confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

C.    **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a Chapter 7 liquidation.  A liquidation analysis is attached to the plan.  Based on this analysis the debtors are proposing paying more than the unsecured creditors would get under a Chapter 7 liquidation.

D.    **Feasibility**

The Court must find that confirmation of the Plan is not likely to be followed by a liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

1.    *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtors will have enough disposable income to fund the plan.

2.    *Ability to Make Future Plan Payments And Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments. The Plan Proponent has provided an Official Bankruptcy Form 22 C, evidencing the value of property to be distributed under the plan is not less than the projected disposable income of the Debtors (as defined in section 1325(b)(2) of the Code) to be received during the 5-year period beginning on the date that the first payment is due under the Plan, or during which the plan provides payments, whichever is longer.

***You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.***

## V.      EFFECT OF CONFIRMATION OF PLAN

### A.      DISCHARGE OF DEBTOR

Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. But the debtor may file a motion for substantial consummation of the plan in order to close the case.

### B.      Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan. The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing.  Upon request of the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

### C.      Final Decree

Once the estate has been fully administered or substantially consummated as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion.

Dated this ____ day of December 2008.

_____
William S. Gardner
Gardner Law Offices
NC State Bar No. 32684
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616
FAX (888) 870-1644
e-mail:  bgardner@maxgardner.com

Attorney for James Niles Wilson, Jr. and
Cynthia Ivester Wilson, the Debtors and
Debtors-In-Possession and Plan Proponent

Page **9** of **9**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **NAME:** | **WILSON, JR., JAMES NILE** | **CHAPTER 11 NO. 08-40509** |
| | **WILSON, CYNTHIA IVESTER** | **OUR FILE NO.  12605-WG** |
| | | |
| **ADDRESS:** | **142 REEP RD.** | |
| | **KINGS MOUNTAIN, NC 28086** | |
| | | |
| **SSN:** | **--- -- 5537 & --- -- 9195** | |

**DEBTOR(S).**

_____

**BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION FOR
JAMES NILES WILSON, JR. AND CYNTHIA IVESTER WILSON**

James Niles Wilson Jr. and his wife, Cynthia Ivester Wilson filed a plan of reorganization dated December 5, 2008 (the "Plan") for the Debtors in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from William S. Gardner, P.O. Box 1000  Shelby, NC 28151, (704) 487-0616 and (888) 870-1644 facsimile. Court approval of the disclosure statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim and/or equity interest has been placed in a class under the Plan. If you hold claims or equity interests in more than one class, you may submit a ballot for each class in which you are entitled to vote. If your ballot is not received by William S. Gardner, at  P.O. Box 1000  Shelby, NC 28151 on or before 30 days after the date of entry for the Approval Order, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**ACCEPTANCE OR REJECTION OF THE PLAN**

Check below the applicable class of creditor or equitable holder and the class number per Article II of the proposed Plan as well as the asserted claim amount, as required:

[ ]     The undersigned, the holder of a Class _____ claim against the Debtors in the unpaid

amount of Dollars $ _____

[ ]     The undersigned, the holder of a Class _____ claim against the Debtors, consisting

of Dollars $ _____ principal amount of _____

_____

[describe bond, debenture, or other debt security] of the Debtors (For purposes of

this Ballot, it is not necessary and you should not adjust the principal amount for any

accrued or unmatured interest.)

[ ]     The undersigned, the holder of Class _____ equity interest in the Debtors, consisting

of _____ shares or other interests of _____

[describe equity interest] in the Debtor


(Check one box only)

[ ] ACCEPTS THE PLAN

[ ] REJECTS THE PLAN

Dated: _____

Print or type name: _____

Signature: _____

Title (if corporation or partnership) _____

Address:      _____

              _____


RETURN THIS BALLOT TO:

William S. Gardner
P.O. Box 1000
Shelby, NC 28151
(704) 487-0616
(888) 870-1644 facsimile
bgardner@maxgardner.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **NAME:** | **WILSON, JR., JAMES NILE** | **CHAPTER 11 NO. 08-40509** |
| | **WILSON, CYNTHIA IVESTER** | **OUR FILE NO.  12605-WG** |

**ADDRESS:   142 REEP RD.
KINGS MOUNTAIN, NC 28086**

**SSN:        --- -- 5537 & --- -- 9195**

**DEBTOR(S).**

---

**CERTIFICATE OF SERVICE**

WILLIAM S. GARDNER, attorney for the debtor(s), hereby certifies to the Court as follows:

1.       I am not a party for the foregoing proceeding;
2.       I am not less than 18 years of age;
3.       I have this day served a copy of the foregoing **PLAN OF REORGANIZATION, DISCLOSURE STATEMENT REGARDING PLAN OF REORGANIZATION FOR JAMES NILES WILSON, JR. AND CYNTHIA IVESTER WILSON AND NOTICE OF HEARING AND BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION** on the parties listed below by either filing the attached document for service through the Electronic Case Management System (CM/ECF) or where appropriate by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

James Nile Wilson, Jr.
Cynthia Ivester Wilson
142 Reep Rd.
Kings Mountain, NC 28086

**And via the Court's Electronic Case Filing System to:**

John Bramlett, Bankruptcy Administrator
402 W. Trade St., Room 200
Charlotte, NC 28202-1664

4.       I have also served copies of the **PLAN, DISCLOSURE AND BALLOT** on all creditors listed on the master mailing matrix, a copy of which is attached hereto, in the same manner and method as described in paragraph number 3 above;
5.       To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
6.       Service as outlined herein was made within the United States of America.

Dated this ____ day of December 2008.

_____

William S. Gardner
Gardner Law Offices
NC State Bar No. 32684
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616
FAX (888) 870-1644
e-mail:  bgardner@maxgardner.com

Attorney for James Niles Wilson, Jr. and
Cynthia Ivester Wilson, the Debtors and
Debtors-In-Possession and Plan Proponent

Label Matrix for local noticing
0419-4
Case 08-40509
Western District of North Carolina
Shelby
Fri Dec 26 12:09:33 EST 2008

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

CIT Bank
P.O. Box 24610
Oklahoma City, OK 73124-0610

Caterpillar Financial Services Corp.
Williams Mullen
c/o Robert K. Imperial
P. O. Drawer 19764
Raleigh, NC 27619-9764

JPMorgan Chase Bank
c/o Franklin Drake
P.O. Box 26268
Raleigh, NC 27611-6268

RSC Equipment Rental, Inc.
c/o Jordan Law Offices, P.A.
8015 Creedmoor Road
Suite 201
Raleigh, NC 27613-4397

Southeast Spreading Company, LLC
c/o Richard M. Mitchell
1001 Morehead Square Drive, Ste. 330
Charlotte, NC 28203-4268

U.S. Bankruptcy Administrator
402 W. Trade Street
Suite 200
Charlotte, NC 28202-1673

Wachovia  Bank, National Association
P.O. Box 17407
Raleigh, NC 27619

Washington Mutual Bank
P.O. Box 44090
Jacksonville, Fl 32231-4090

eCAST Settlement Corporation
Bass & Associates, P.C.
3936 E. Ft. Lowell Road
Suite 200
Tucson, AZ 85712-1083

Shelby Division
P.O. Box 34189
Charlotte, NC 28234-4189

Acton Mobile Industries
P.O. Box 758689
Baltimore, MD  21275-8689

Acton Mobile Industries LLC
8007 Corporate Drive, Suite A
Baltimore, MD 21236-4905

All Seasons Parts & Service
615 North Post Rd.
Shelby, NC 28150-4965

American Eagle Outfitters
P.O. Box 103024
Roswell, GA 30076-9024

American Eagle Outfitters
P.O. Box 530942
Atlanta, GA  30353-0942

American Express
P.O. Box 297879
Ft. Lauderdale, FL  33329-7879

American Express
P.O. Box 650448
Dallas, TX  75265-0448

American Express Bank FSB
c/o Becket and Lee LLP
Malvern, PA 19355-0701

Arbor Fields
5820 Lawyers Rd. E.
Marshville, NC 28103-7022

Arnold's Jewelry
226 S. Washington St.
Shelby, NC 28150-4694

Asset Acceptance LLC
PO BOX 2036
WARREN, MI 48090-2036

(p)BB AND T
PO BOX 1847
WILSON NC 27894-1847

BB&T Bankruptcy Section
100-70-01-51
P.O. Box 1847
Wilson, NC  27894-1847

Bank Of America
P.O. Box 1390
Norfolk, VA  23501-1390

Bank Of America Bankruptcy Dept.
Dept NC4-105-03-14
P.O. Box 26012
Greensboro, NC 27420-6012

Bankruptcy Administrator
402 W. Trade St., Room 200
Charlotte, NC 28202-1673

Belk
P.O. Box 981490
El Paso, TX  79998-1490

Belk/GEMB
P.O. Box 981400
El Paso, TX  79998-1400

BellSouth Security Systems
Protective One
P.O. Box 5714
Carol Stream, IL  60197-5714

Binswanger Glass
P.O. Box 277586
Atlanta, GA  30384-7586

Blue Max Materials
P.O. Box 1559
Indian Trail, NC 28079-1559


Bunch, Inc.
1503 S. Battleground Rd.
Kings Mountain, NC  28086

CATERPILLER FINANCIAL SERVICES CORPORATION
ROBERT K. IMPERIAL
WILLIAMS MULLEN
PO BOX 19764
RALEIGH, NC 27619-9764

CLEVELAND COUNTY TAX COLLECTOR
PO BOX 370
SHELBY, NC 28151-0370


CNH Capital
Dept CH 10460
Palatine, IL  60055-0460

CNH Capital
PO Box 3038
Evansville, IN 47730-3038

CSC Credit Services
652 N. Sam Houston Pkwy E. Ste 400
P.O. Box 674402
Houston, TX 77267-4402


Capital Construction, LLC
704 Ramsgate Dr.
Spartanburg, SC 29301-5950

Capital Construction, LLC
Attn: Deno White
704 Ramsgate Dr.
Spartanburg, SC 29301-5950

Carolina Tractor & Equipment Co.
P.O. Box 75054
Charlotte, NC  28275-0054


Carolinas Medical Center
P.O. Box 32861
Charlotte, NC  28232-2861

Caterpillar Financial Services
P.O. Box 13834
Newark, NJ 07188-3834

Caterpillar Financial Services
P.O. Box 340001
Nashville, TN 37203-0001


Certegy Check Services, Inc.
P.O. Box 30046
Tampa, FL 33663-0001

Chase Auto Finance
P.O. Box 260161
Baton Rouge, LA  70826-0161

Chase Auto Finance
P.O. Box 78101
Phoenix, AZ  85062-8101


ChexSystems
Attn: Consumer Relations
7805 Hudson Rd., Suite 100
Woodbury, MN 55125-1703

Children's Place Plan
P.O. Box 689182
Des Moines, IA  50368-9182

Cintas Corporation #213
121 Landers Rd.
Spartanburg, SC 29303-5010


CitiMortgage, Inc.
1111 Northpoint Dr., Suite 100
Coppell, TX 75019-3831

Citibank (South Dakota), NA
P.O. Box 44183
Jacksonville, FL 32231-4183

Citicorp Bankruptcy Recovery Unit
P.O. Box 20487
Kansas City, MO 64195-0487


Cleveland Cty Tax Collector
P.O. Box 370
Shelby, NC  28151-0370

Computer Connections, Inc.
P.O. Box 321
Shelby, NC  28151-0321

DELL FINANCIAL SERVICES, LLC
C/O RESURGENT CAPITAL SERVICES
P.O. BOX 10390
GREENVILLE, SC 29603-0390


Dedmond Electric, Inc.
527 Belwood-Lawndale Rd.
Lawndale, NC 28090-9245

Dell Preferred Account
P.O. Box 6403
Carol Stream, IL  60197-6403

Dillard National Bank
P.O. Box 52051
Phoenix, AZ  85072-2051

Dillard's
P.O. Box 960012
Orlando, FL  32896-0012

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374-0256

Experian
P.O. Box 2002
Allen, TX 75013-2002


FIA Card Services, N.A.
Attn: Mr. BK
1000 Samoset Dr
DE5-023-03-03
Newark, DE 19713

Fastprint Colors
1635 S. Lafayette St.
Shelby, NC 28152-7152

Fifth Third Auto Leasing Trust
MD1MOCBO-3161
Cincinnati, OH 45263-0001


Fifth Third Auto Leasing Trust
P.O. Box 630041
Cincinnati, OH  45263-0041

(p)FIRST NATIONAL BANK OF SHELBY
PO BOX 168
SHELBY NC 28151-0168

Firstpoint Collection Resources, Inc.
P.O. Box 11047
Charlotte, NC  28220-1047


Firstpoint Collection Resources, Inc.
P.O. Box 26140
Greensboro, NC  27402-6140

FleetOne LLC
MSC 30425
P.O. Box 415000
Nashville, TN  37241-5000

Ford Credit
P.O. Box 152271
Irving, TX 75015-2271


Ford Motor Credit Company
Central Collections
P.O. Box 537901
Livonia, MI  48153-7901

Ford Motor Credit Company
Drawer 55-953
P.O. Box 55000
Detroit, MI 48255-0001

Ford Motor Credit Company
Legal Dept.
P.O. Box 6044
Dearborn, MI 48121-6044


Ford Motor Credit Company
Nat'l Recovery Dept
P.O. Box 6508
Mesa, AZ  85216-6508

Ford Motor Credit Company
P.O. Box 537950
Livonia, MI 48153-7950

GAP
P.O. Box 981064
El Paso, TX  79998-1064


GDS-Cleveland
P.O. Box 193
Shelby, NC 28151-0193

GDS-Cleveland
P.O. Box 9001707
Louisville, KY  40290-1707

GE Money Bank dba AMERICAN EAGLE
Recovery Management Systems Corporation
For GE Money Bank
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605


GE Money Bank dba BELK
Recovery Management Systems Corporation
For GE Money Bank
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

GE Money Bank dba DILLARD'S
Recovery Management Systems Corporation
For GE Money Bank
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

GE Money Bank dba GAP
Recovery Management Systems Corporation
For GE Money Bank
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605


GE Money Bank dba LOWES
Recovery Management Systems Corporation
For GE Money Bank
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

GE Money Bank dba LOWES BRC
Recovery Management Systems Corporation
For GE Money Bank
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

GE Money Bank dba PAYPAL
Recovery Management Systems Corporation
For GE Money Bank
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605


GMAC
PO Box 130424
Roseville, MN 55113-0004

Gaston Rentals, Inc.
Attn: Roger McArver, Jr.
PO Box 1501
Gastonia, NC 28053-1501

Gaston Rentals, Inc.
P.O. Box 1501
Gastonia, NC  28053-1501

Gerald O. Dry, PA
211 LePhillip Court NE
Concord, NC 28025-2900

Green Visions Nursery
1029 Cleveland Ave.
Grover, NC 28073-9721

HD Supply Waterworks, Ltd
P.O. Box 277838
Atlanta, GA 30384-7838

HFC
P.O. Box 9618
Virginia Beach, VA 23450-9618

HSBC
Attn: Bankruptcy Dept
P.O. Box 9068
Brandon, FL 33509-9068

HSBC Bank Nevada, N.A.
eCAST Settlement Corporation
Bass & Associates, P.C.
3936 E. Ft. Lowell Rd, Suite 200
Tucson, AZ 85712-1083

HSBC Card Services
P.O. Box 4155
Carol Stream, IL 60197-4155

HSBC Card Services
P.O. Box 5241
Carol Stream, IL 60197-5241

Hensons Inc - Pineville
P.O. Box 1060
Tryon, NC 28782-1060

Homestead Landscaping, Inc.
835 College Ave.
Shelby, NC 28152-9514

Hometown Hardware
110 S. Railroad Ave.
Kings Mountain, NC 28086-3340

Household Receivable Acquisition Corp. II
HSBC Bank USA N.A.
PO Box 5216
Carol Stream, IL 60197-5216

Huesker, Inc.
P.O. Box 411529
Charlotte, NC 28241-1529

IKEX LLC
L & P Financial Services Co.
P.O. Box 60984
Charlotte, NC 28260-0984

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

ISO Claim Search
545 Washington Blvd.
Jersey City, NJ 07310-1607

JOHN DEERE LANDSCAPES, INC.
1060 WINWARD RIDGE PKWY
SUITE 170
ALPHARETTA, GA 30005-3992

JP Morgan Chase Bank, NA/Bank One
PO BOX 901032
FT. WORTH, TX 76101-2032

JPMorgan Chase
7255 Baymeadows Way
Mail Stop JAXB2007
Jacksonville, FL 32256-6851

James F. Jordan
Jordan Law Offices, P.A.
8015 Creedmoor Road
Suite 201
Raleigh, NC 27613-4397

John Deere Landscapes
11601 Downs Rd.
Pineville, NC 28134-8438

John Queen - Kings Mountain Metal, Inc.
130 Canterbury Drive
Kings Mountain, NC 28086-9405

Kerns Trucking, Inc.
P.O. Box 534364
Atlanta, GA 30353-4364

Kings Mountain Metal, Nc.
John Queen
130 Canterbury Dr.
Kings Mountain, NC 28086-9405

Lane Bryant
P.O. Box 182121
Columbus, OH 43218-2121

Latham's Nursery, Inc.
2317 E. Lawyers Rd.
Monroe, NC 28110-7461

LexisNexis
1900 NW Expressway, Suite 1600
Oklahoma City, OK 73118-1845

Lowe's
P.O. Box 530914
Atlanta, GA 30353-0914

Lowe's Business Account
P.O. Box 530970
Atlanta, GA 30353-0970

Lowe's/MCCBG
P.O. Box 103080
Roswell, GA 30076-9080

Margaret R. Westbrook, Esq.
P.O. Box 17047
Raleigh, NC 27619-7047

Mecklenburg County Tax Collector
P.O. Box 32247
Charlotte, NC  28232-2247

Monogram Credit Card Bank Of GA
Bankruptcy Support Specialist
P.O. Box 103104
Roswell, GA 30076-9104


Morris Scrap Metal Co., Inc.
2045 Shelby Rd.
Kings Mountain, NC 28086-8970

N.C. Department Of Revenue
P.O. Box 25000
Raleigh, NC 27640-0100

NC Department Of Revenue
P.O. Box 1168
Raleigh, NC 27602-1168


North Carolina Department of Revenue
Bankruptcy Unit
P.O. Box 1168
Raleigh, NC 27602-1168

Oakhurst Sales
13902-A S. Tryon St.
Charlotte, NC 28278-7605

Pamela P. Keenan, Esq.
Kirschbaum, Nanney, Keenan & Griffin PA
P.O. Box 19766
Raleigh, NC  27619-9766


Paypal Plus Credit Card
P.O. Box 981064
El Paso, TX  79998-1064

Productiv
Operations Center
P.O. Box 60839
Charlotte, NC  28260-0839

Protection One
P O Box 740933
Dallas, TX 75374-0933


Quality Landscaping Materials
1250 Bessemer City Rd.
Gastonia, NC 28052-1106

Quality Landscaping Materials
Attn: Doug Badger
1250 Bessemer City Rd.
Gastonia, NC 28052-1106

ROBERT K. IMPERIAL
WILLIAMS MULLEN
PO BOX 19764
RALEIGH, NC 27619-9764


RSC Equipment Rental
P.O. Box 840514
Dallas, TX  75284-0514

Rednour Tree & Tractor Service, Inc.
2120 Mauney Lane
Gastonia, NC 28052-8497

Ricky Lee Fowler
248 Eden Circle
Pineville, NC 28134-6510


Sheffield Financial, LLC
P.O. Box 890012
Charlotte, NC  28289-0012

Shemin Nurseries, Inc.
P.O. Box 177
Pineville, NC 28134-0177

Shield Engineering, Inc.
4301 Taggart Creek Rd.
Charlotte, NC 28208-5483


Skinner Nurseries
9150-4 Philips Hwy
Jacksonville, FL 32256-1308

Smith & Dad
121 Siena Dr.
Kings Mountain, NC 28086-4405

Smith Turf & Irrigation
P.O. Box 669388
Charlotte, NC  28266-9388


Southeast Spreading Co.
3550 Work Drive Unit B1
Fort Myers, FL 33916-7516

Southeast Spreading Company, LLC
c/o Shawn A. Copeland
Copeland, Cooke & Richards, PLLC
21235 Catawba Avenue
Corneilus, NC 28031-8504

Southern Agricultural Insecticides Inc.
P.O. Box 60004
Charlotte, NC 28260-0004


Sunbelt Rentals, Inc.
2341 Deerfield Drive
Fort Mill, SC 29715-8298

Sunbelt Rentals, Inc.
P.O. Box 409211
Atlanta, GA  30384-9211

Super Sod - Charlotte
P.O. Box 68
Pineville, NC 28134-0068

T & L Grading, Inc.
P.O. Box 1534
Bessemer City, NC 28016-1534

TARGET NATIONAL BANK
c/o Weinstein & Riley, PS
2001 Western Avenue, Ste. 400
SEATTLE, WA 98121-3132

Target National Bank
P.O. Box 59317
Minneapolis, MN  55459-0317


Target National Bank
c/o Target Credit Services
P.O. Box 1581
Minneapolis, MN  55440-1581

Telecheck Services
5251 Westheimer
Houston, TX 77056-5499

Thomas Concrete Of Carolinas, Inc.
P.O. Box 12544
Raleigh, NC 27605-2544


TransUnion
P.O. Box 2000
Chester, PA 19022-2002

U.S. Attorney's Office
Suite 1700, Carillon Bldg.
227 W. Trade St.
Charlotte, NC 28202-1675

U.S. Securities Exchange
Suite 1000
3475 Lenox Rd., N.E.
Atlanta, GA 30326-3235


United States Attorney
Room 207 U.S. Courthouse
100 Otis Street
Asheville, NC 28801-2608

WFNNB - Lane Bryant MO
P.O. Box 659728
San Antonio, TX  78265-9728

(p)WACHOVIA BANK NA
P O BOX 13765
ROANOKE VA 24037-3765


Wachovia Bank, National Association
c/o Margaret R. Westbrook, Esq.
K&L Gates LLP
P.O. Box 17047
Raleigh, NC 27619-7047

Washington Mutual Home Loans
Loss Mitigation
7255 Baymeadows Way
Jacksonville, FL 32256-6851

World Financial Network Nat'l Bank
P.O. Box 182121
Columbus, OH  43218-2121


eCAST Settlement Corporation
C/O Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712-1083

iSurity
P.O. Box 6455
High Point, NC 27262-6455

Cynthia Ivester Wilson
142 Reep Rd.
Kings Mountain, NC 28086-7742


James Nile Wilson Jr.
142 Reep Rd.
Kings Mountain, NC 28086-7742

William S. Gardner
Gardner Law Offices
PO Box 1000
Shelby, NC 28151-1000


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


BB&T
PO Box 2306
Wilson, NC  27894

First National Bank
P.O. Box 168
Shelby, NC  28151-0168

(d)First National Bank of Shelby
PO Box 168
Shelby, NC 28151-0168


IRS
P.O. Box 21126
Philadelphia, PA  19114

(d)Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Wachovia Bank N.A.
Bankruptcy Dept. VA 7359
P.O. Box 13765
Roanoke, VA  24037-3765

(d)Wachovia Bank, N.A.
PO Box 13765
Roanoke, VA 24037-3765

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Fifth Third Bank

(u)Ford Motor Credit Company

(u)Skinner Nurseries, Inc.

(d)CIT Bank
P.O. Box 24610
Oklahoma City, OK 73124-0610

(d)RSC Equipment Rental, Inc.
c/o Jordan Law Offices, P.A.
8015 Creedmoor Rd, Suite 201
Raleigh, NC 27613-4397

(d)Smith and Dad, Inc.
121 Siena Drive
Kings Mountain, NC 28086-4405

End of Label Matrix
Mailable recipients    169
Bypassed recipients      6
Total                  175